ABRAHAM SUYDAM v. The Receivers of the BANK OF NEW-BRUNSWICK.

It would be a delicate matter for the court, under any circumstances, to direct the receivers, appointed under the act entitled, "An act to prevent frauds by incorporated companies," to compromise a claim, when in their opinion there could be no demand against them to affect assets in their hands ; and it would be much more délicate, in a case where the court has decided that the contract was void and could not be enforced.

Where a party knows that a bank has refused, from inability, to redeem its bills, he must be presumed to know of their inability to dispose of their property ; and if, with such knowledge, he contract with the bank for the purchase of property, he has no equitable claim to the consideration of the court.

APPEAL from the decision of the receivers of the Bank of New-Brunswick, under the eighteenth section of the act entitled an act to prevent frauds by incorporated companies, passed the sixteenth of February, eighteen hundred and twenty-nine, (*El-mer's Digest*, 36.) There had been a previous appeal between the same parties, growing out of the same transaction, and at July term, eighteen hundred and thirty-four, the decision of the receivers was in all things affirmed. For a full statement of the facts, and of the grounds of the decision, see the opinion of the chancellor on that appeal.*

*G. P. Molleson*, for the appellant.

*E. Wood*, for the receivers.

THE CHANCELLOR. After the Bank of New-Brunswick had suspended payment, in the month of February, eighteen hundred and thirty-four, Abraham Suydam, the petitioner, made a contract with the corporation, to purchase from them certain real estate in the city of New-Brunswick ; for which he agreed to pay them a certain sum in the bills of the said bank, and to pay it in instalments. A written contract was entered into, and a

* Ante, page 114.

deed was prepared and duly executed by the corporation, and deposited in the hands of a third person, to be delivered on payment of the bills. Before the day of payment, receivers were appointed by this court on the application of one of the creditors of the bank, and the whole property and effects of the institution passed into their hands as trustees for the benefit of all the creditors. At the time specified in the contract, Suydam tendered the bills to the receivers, and requested a deed. The receivers refused to ratify and confirm the contract, and thereupon Suydam appealed to this court to reverse their decision. After hearing the parties by counsel, the court ordered the decision of the receivers to be affirmed in all things. In concluding the opinion delivered in that case, the court said, " It is not intended by the opinion thus given to preclude any compromise or settlement from being made between the parties." The question before the court is, as to the correctness of the course taken by the receivers in refusing to affirm the contract, and nothing more. The petition, it is true, prays, that if the decision of the receivers should not be wholly reversed, the court may make such order and direction as shall be just and equitable ; but the court is of opinion that nothing more is necessary or proper to be done at this time. In this matter the court sits in an appellate capacity, and has given its judgment on the only point decided by the receivers.

" Whether this is a case which, taking all circumstances into consideration, presents proper grounds of equity and good conscience for a compromise, and if so, upon what just and reasonable terms it should be made, is for the receivers to judge of in the first instance. It does not appear that any offers of compromise or adjustment have been made or considered, and of course the appellant is not aggrieved by any decision in relation thereto, for none such has been made."

After this opinion was pronounced, Suydam made three distinct propositions to the receivers, by way of compromise or adjustment. Neither of them was accepted by the receivers, and from their decision he again appeals.

The first proposition was, to pay to the receivers ten thousand

dollars in notes of the bank, for the property intended to be purchased of the corporation.

The second was, to relinquish entirely to the receivers part of the property, and give for the residue a certain sum in bills of the Bank of New-Brunswick, and a certain other sum in current bills of other banks, at par value.

The third proposition was, that the receivers should redeem the sum of two thousand dollars in notes of the bank, which amount he tendered them on the first day of May last under the contract, at par.

In not agreeing to either of these propositions, I am not prepared to say that the receivers erred. They have not considered it for the benefit of the trust to accept either of them; and resting on the ground that the petitioner had no just claim either in law or equity to have the contract carried into effect, or to ask damages for the non-performance, they have declined to act. It would be a delicate matter for this court, under any circumstances, to direct the receivers to compromise a claim, when, in their opinion, there could be no demand against them to affect the assets in their hands. It is much more delicate in a case like the present, when the court has on appeal solemnly decided, that the contract was void and could not be enforced. This fact forms the great obstacle in the petitioner's way. However honest his intentions may have been in making the contract, it must be considered that it was a voluntary act on his part, and doubtless with a view to gain. He knew well that the bank refused, through inability, to redeem their bills; it must be taken that he knew of the incompetency of the bank to dispose of their property while they refused to pay their debts, and he must have been willing to take the hazard on himself. In so doing, it is not perceived that he has any equitable claims to the consideration of the court; especially when it is to interfere with the rights of creditors, many of whom must be heavy sufferers by the failure of the bank.

It is worthy of remark, too, that it does not appear by the petition of the appellant that he had the bills which he seeks to

exchange for real property, on hand at the time the bank sus-pended payment. If he purchased them afterwards, and at a discount, he can scarcely ask for any extraordinary equity in his behalf at the hands of the court. If he was deluded by the offi-cers of the bank, and that intentionally, he may have a remedy against them. If they, too, were deceived, (as I doubt not was the case,) in regard to the situation of the bank, I know of no relief for him.

The court, in the opinion heretofore delivered, did not intend to intimate that the receivers were under any obligation to com-pound this claim of the petitioner. It seemed, when the matter was up before, to be expected by the petitioner or his counsel, that if the court was of opinion that the receivers were not bound to fulfil the contract as entered into with the bank, it would di-rect what ought to be done by way of relief. The court stated the reason why it decided only the point appealed from ; and stated further, that it was not intended thereby to preclude any compromise between the parties ; but that it could not consider of any such matter before it had been passed on by the receivers. The whole matter of adjustment was intended to be left open, without advising either one way or the other ; and I regret if I have been misunderstood, and thereby induced any additional expense to the parties.

The opinion of the court is, that the receivers have acted cor-rectly and discreetly ; and I am satisfied to confirm their decision in regard to the propositions made by the petitioner.